**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

ZOHRA HAJALI      )
           )
   Plaintiff,    )
           )
   v.       )  C.A. No. N15C-07-111 EMD
           )
OFFICER ANDREW W. DALLER  )
individually and in his official capacity as )
a NEW CASTLE COUNTY,    )
DELAWARE POLICE OFFICER   )
           )
   Defendant.   )

**MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' REVISED MOTION FOR FEES AND COSTS**

Upon consideration of the Defendants' Motion for Fees and Costs (the "Original Motion") filed by Defendant Andrew W. Daller on October 1, 2017; Plaintiff's Response in Opposition to Defendant's Revised Motion for Fees and Costs (the "Original Response") filed by Plaintiff Zohra Hajali on October 3, 2017; the arguments made in support of the Original Motion and Original Response at a hearing (the "Hearing") held on October 16, 2017; the Offer of Judgment filed by Officer Daller on January 4, 2016; the Defendants' Revised Motion for Fees and Costs (the "Second Motion") filed by Officer Daller on October 24, 2107; the Plaintiff's Response in Opposition to Defendant's Second Revised Motion for Fees and Costs filed by Ms. Hajali on November 2, 2017;  and the entire record of this civil action:

1.  This is a civil action arising out of an arrest and detainment of Zohra Hajali.  Ms. Hajali sued Officer Andrew Daller for: (1) violation of Fourth and Fourteenth Amendments for fabrication of evidence; (2) violation of 42 U.S.C. §1983 based on Fourth Amendment unlawful

detention; (3) malicious prosecution; (4) state malicious prosecution; (5) wanton negligence county and municipal tort claims act.[1]

2.     The Court held a five-day jury trial from September 18, 2017 through September 22, 2017. Ms. Hajali called six witnesses and testified herself. Officer Daller called two witnesses and testified himself. The two witnesses called by Officer Daller were expert witnesses—Dr. Carol Tavani and Mark Dunston.

3.     The jury found in favor of Officer Daller.[2] The Court entered judgment in favor of Officer Daller on September 22, 2017.

4.     Officer Daller filed the Motion under Superior Court Civil Rule 54 ("Rule 54"). Ms. Hajali opposed the Motion, submitting the Response. On October 16, 2017, the Court held the Hearing and heard from the parties on the relief sought in the Motion. During argument, Officer Daller notified the Court that Officer Daller had made the Offer of Judgment prior to trial. Officer Daller indicated that Ms. Hajali refused the Offer.

5.     The Court ordered Officer Daller to file supplemental briefing to determine if the Offer allowed any additional costs. In addition, the Court offered insights as to the types of costs and fees it would award under Rule 54 and the type of proof that should be submitted to support an award. Officer Daller filed the Second Motion on October 24, 2017. Soon thereafter, Ms. Hajali filed the Second Response.

6.     *Applicable Law*. Rule 54, along with 10 *Del. C.* § 5101 and 10 *Del. C.* § 8906, allows the prevailing party to recover certain costs associated with litigation, so long as the prevailing party makes an application to the Court within ten days after the entry of final

---

[1] Compl. ¶¶ 68-103.
[2] D.I. 52.

judgment.[3]  When the verdict is for the defendant, the determination of costs is awarded under Rule 54 rather than Superior Court Civil Rule 68.[4]  As such, the Court will apply standards under Rule 54 and not Rule 68.

7.      ***Administrative Costs***.  The Court may grant costs associated with the filing and service of the complaint in addition to the Prothonotary's docket entries and trial fee.[5]  This Court does not include photocopying as a cost under Rule 54(d).[6]  Therefore, Officer Daller is entitled to his filing, postage, and courier fees—totaling $236.65.

8.      Court reporter fees may be taxed as costs, but "shall not be taxable costs unless introduced into evidence."[7]  This includes the costs for depositions which "may not be awarded unless the deposition was introduced into evidence in its entirety."[8] Neither party introduced any deposition in its entirety into evidence.  Ms. Hajali played a redacted video of Officer Daller's deposition.  Because the depositions were not introduced into evidence, Officer Daller is not entitled to recover the cost for any deposition.

9.      ***Expert Witnesses***.  Rule 54 also provides that "fees for expert witnesses testifying on deposition shall be taxed as costs pursuant to 10 *Del. C.* § 8906."[9]  Section 8906 provides that, "the fees for witnesses testifying as experts . . . in the Superior Court . . . shall be fixed by the Court in its discretion, and such fees so fixed shall be taxed as part of the costs in each case .

---

[3] *See* Super. Ct. Civ. R. 54(d) (recoverable costs include court reporter fees, witness fees, and expert witness fees).
[4] *See Burton v. Kyle*, 2016 WL 1421272, at *2 (Del. Super. Mar. 24, 2016) (citing *Hercules, Inc. v. AIU Ins. Co.*, 784 A.2d 481 (Del. 2001) (stating "this was a Defendant's verdict.  Accordingly, Superior Court Civil Rule 68 does not apply")).
[5] *See In re Servino v. Medical Center of Del., Inc.*, 1997 WL 527961 (Del. Super. Aug. 12, 1997).
[6] *See Ciappa Const., Inc. v. Innovative Property Resources, LLC*, 2007 WL 1705632, at * 2 (Del. Super. June 12, 2007).
[7] Super. Ct. Civ. R. 54(f); *see also Banks v. J & H Hickman Family Ltd. Partn.*, 2006 WL 240641, at *2 (Del. Super. Jan. 11, 2006) (denying costs for a deposition transcript because it was "made a court exhibit and not submitted to the jury.").
[8] *McKinney v. Brandywine Ct. Condo. Council, Inc.*, 2004 WL 2191033, at *1 (Del. Super. Aug. 12, 2004).
[9] Super. Ct. Civ. R. 54(h); *see also Smith v. Paul J. Renzi Masonry*, 2016 WL 1591030, at *3 (Del. Super. Mar. 24, 2016) (applying the same standard to assess costs for video trial deposition and live trial testimony costs).

. . ."[10] Witness fees under Section 8906 "should be limited to time necessarily spent in attendance upon the court for the purpose of testifying."[11] A party may not recover for "time spent preparing for trial"[12] including "time spent listening to other witnesses for 'orientation', or in consulting and advising with . . . counsel. . . ."[13] Travel time to and from the courthouse and time spent waiting in the courthouse to be called as a witness are appropriate.[14]

10.    "Remuneration is calculated at the expert's hourly rate for the time spent testifying and traveling to court. However, the same rate does not apply to both activities. While traveling to and from court, an expert witness 'retains a certain amount of freedom to do other compensable tasks and his efforts are not solely confined to working on [the] case.'"[15] The Court has previously held that "one-half of the expert's hourly rate is a reasonable award for the time the expert spent traveling to and from the courthouse."[16] The party may recover one-half the experts hourly rate in addition to the travel expenses.[17]

11.    Alternatively, a party may recover a fee for one-half day interruption of the expert's day.[18] Generally, the Court will round the one-half day interruption as a flat fee or three hours at the expert's hourly rate. When the half day interruption fee is greater than the actual time the expert spent testifying, the fee can cover a local expert's travel expenses.[19] The Court

---

[10] 10 *Del. C.* § 8906.

[11] *Silwinski v. Duncan*, 608 A.2d 730 (TABLE), 1992 WL 21132, at *3 (Del. Jan. 15, 1992).

[12] *Slattery v. Pettinaro Constr. Co., Inc*, 2015 WL 5138174, at *4 (Del. Super. Apr. 30, 2015); *see also Wilson v. James*, 2010 WL 2683023, at *3 (Del. Super. June 11, 2010) (stating that plaintiff removed the expert's "nonrecoverable trial preparation time.").

[13] *Silwinski*, 1992 WL 21132, at *3.

[14] *Id.*

[15] *Cumberland Ins. Group v. KCL Enterprises*, 2003 WL 22853458, at *4 (Del. Super. Aug. 26, 2003).

[16] *Id.*

[17] *See Id.*

[18] *Silwinski*, 1992 WL 21132, at *3.

[19] *See Id.* at *4, n.2 (noting that the half-day minimum allowance would cover the experts' travel expenses unless the experts testified for more than three hours).

found that one-half day equals three hours.[20]  However, if a party submits a full invoice "without adequate itemization, the Court may decline to award costs."[21]

12.    ***Costs associated with Mr. Dunston***.  After reviewing the Motion, the Second Motion and accompany exhibits, the Court finds that the costs relating to Mr. Dunston must be reduced.  Officer Daller cannot recover for Mr. Dunston's initial report.  Experts create initial reports in preparation of trial.  This Court limits the costs to "time necessarily spent in attendance upon the court for the purpose of testifying."[22]  Although this includes the time spent traveling to and from the courthouse, it does not include the time spent preparing an initial report even if the expert relies upon the report during their testimony.  Similarly, a party cannot recover costs for an expert to listen to other witnesses.  Therefore, Officer Daller is not entitled to recover the costs for Mr. Dunston's initial report.

13.    Officer Daller seeks $3,600 for Mr. Dunston's trial attendance.  The Court finds this request excessive given the lack of supporting information provided by Officer Daller.  The Court might approve a request for a flat fee if the applicant provided a fee letter or other type of supporting information that such flat fees are acceptable in the market place.  Officer Daller, despite instructions from the Court at the Hearing, failed to provide such information.  The Court will, therefore, apply Mr. Dunston's hourly rate.  Mr. Dunston testified for nearly two hours and charges $150 per hour.  The Court may in its discretion award one-half day of trial time for experts. Therefore, the trial testimony cost is $450.

14.    Mr. Dunston's travel expenses including airfare, lodging, and ground transportation are reasonable and taxable as costs. At the Hearing, the Court instructed Officer

---

[20] *See Id.*
[21] *Payne v. Home Depot*, 2009 WL 659073, at n.29 (Del. Super. Mar. 12, 2009).
[22] *See Silwinski*, 1992 WL 21132, at *3.

5

Daller that travel time is a recoverable expense. Travel time is generally taxed at one-half the expert's hourly rate. Officer Daller did provide information regarding lodging, airfare and ground transportation. The Court will award those costs—totaling $1,394.80.

15.     Officer Daller, however, failed to provide additional information regarding Mr. Dunston's travel time to the courthouse or Wilmington, Delaware.[23]  The Court could do its own research as to the time it takes to fly from Gulfport Biloxi International Airport to Philadelphia— approximately three to four hours.[24]  Moreover, a party can seek costs and fees for an expert's travel time;[25] however, Officer Daller failed to provide that information. The moving party is responsible for providing information to support the request under Rule 54.[26]  The Court already provided Officer Daller the ability to supplement the Motion. While some matters were supplemented, Officer Daller did not itemize or break down the $3600 invoice. Therefore, the Court will not award Mr. Dunston's fees for travel time.

16.     ***Costs associated with Dr. Tavani***.  The Court finds that Officer Daller's request for costs for Dr. Tavani are excessive. In the Motion, Officer Daller sought Dr. Tavani's fee for her initial report. As discussed previously, initial reports are not taxable as costs. Additionally,

---

[23] *See Id.* at *4 (finding that the Superior Court abused its discretion by failing to grant any compensation to an expert witness for travel time even though the party did not submit any documentation supporting the expert's travel time).

[24] The Court notes that Mr. Dunston's $3600 trial fee at $150 equates to 24 hours of billed time. On its face, that number seems reasonable with 7-8 hours for travel, staying overnight and then testifying. It is not the job of the Court to guess on these matters. Mr. Dunston could easily have broken down his $3600 invoice in a manner that the Court could assess using the standards set forth in Section 8906 and Rule 54. Officer Haller did not work with Mr. Dunston to do this.

[25] *See In re Asbestos Litigation*, 2011 WL 1103766, at *1 (Del. Super. Mar. 22, 2011) (finding that the use of an out-of-state expert was "entirely appropriate given the specialized testimony needed in an asbestos-exposure case. Accordingly, the Court finds nothing objectionable in the fact that certain . . . experts may have spent more time traveling than testifying. . . ."); *see also Deardoff Associates, Inc. v. Paul*, 2000 WL 1211077, at *2 (Del. Super. April 27, 2000) (finding that the use of an out of state expert was appropriate because "there is no indication that the law requires a party to employ [an] expert witness . . . who lives and/or works within a certain radius of the location of litigation.").

[26] *See, e.g., Immedient Corp. V. HealthTrio, Inc.*, C.A. No. 01C-08-216-RRC, 2007 WL 656901, at *5 (Del. Super. March 5, 2007).

the Motion includes payment to Dr. Tavani for $7,037.50, but the payment does not specifically indicate what service(s) the payment satisfies. The letter and check reference Invoice No. 175433, but the invoice is not attached to the Motion.

17.     In the Second Motion, Officer Daller sought $12,037.50 for Dr. Tavani's initial report. Again, initial reports are not taxable as costs. The invoice indicates that Dr. Tavani charged $450 per hour; however, all expenses on the invoice are for trial preparation and Officer Daller cannot recover those costs.

18.     Dr. Tavani testified for nearly two hours. The Court may in its discretion award half-day of trial time for experts. Officer Daller is entitled to recover the $1,350.00 for Dr. Tavani's trial testimony.

19.     The Court instructed Officer Daller that travel time is a recoverable expense. Travel time is generally taxed at one-half the expert's hourly rate. Officer Daller failed to provide information regarding Dr. Tavani's travel time to the courthouse. As such, the Court will not provide any additional award for costs associated with Dr. Tavani's travel time.[27]

**IT IS HEREBY ORDERED** that, for the reasons set forth above, the Motion, as supplemented by the Second Motion, is **GRANTED IN PART** and **DENIED IN PART**;

**IT IS HEREBY FURTHER ORDERED** that Officer Daller is awarded the amount of $3,431.45 for fees and costs.

Dated: November 9, 2017
Wilmington, Delaware

/s/ Eric M. Davis
Eric M. Davis, Judge

cc:     File&ServeXpress

---

[27] *See Silwinski,* 1992 WL 21132, at *4, n.2 (noting that the half-day minimum allowance would cover the experts' travel expenses unless the experts testified for more than three hours).

7